IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN RAYSHAUN COATES,

    Plaintiff,

v.

SHERIFF DAVID MAHONEY and
KEVIN A. CARR (DOC),

    Defendants.

OPINION & ORDER

Case No. 20-cv-600-wmc

---

*Pro se* plaintiff Martin Coates brings this action under 42 U.S.C. § 1983 against defendants Sheriff David Mahoney and Wisconsin Department of Corrections ("DOC") Secretary Kevin Carr. Coates claims that defendants failed to prevent him from contracting COVID-19 while he was being held at the Dane County Jail, in violation of his constitutional rights. The complaint is now before the court for screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. After review, the court concludes that defendant Carr must be dismissed with prejudice, and that plaintiff's allegations do not appear to state a claim for relief against defendant Mahoney. However, the court will give plaintiff the opportunity to file an amended the complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff Marvin Coates currently is detained at the Racine County Jail, but the events comprising his claims occurred while he was being held at the Dane County Jail in

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court

2020.  Specifically, in April 2020, Coates was being held at the Dane County Jail on a probation hold.  Coates alleges that on April 23, 2020, the day before the National Guard came to the jail for COVID-19 testing, Sheriff Mahoney "rearranged over 150 inmates," which Coates believes caused coronavirus to spread within the jail.  Coates does not detail how the inmates were moved, nor what Mahoney in particular ordered with respect to inmate movement that was problematic.  Coates also alleges that Mahoney did not properly utilize social distancing measures or personal protective equipment ("PPE") to reduce the spread of coronavirus.

Additionally, Coates claims that Secretary Carr should have released all individuals being detained on probation holds, to alleviate the risk that such detainees would be exposed to the coronavirus.

Coates contracted COVID-19 on May 31, 2020.  He does not allege how long he was sick or whether he required medical attention or became seriously ill as a result of contracting the virus.

OPINION

Plaintiff seeks to proceed against Mahoney and Carr on constitutional claims because he got sick with COVID-19 at the jail.

As an initial matter, however, the court is dismissing Carr for lack of personal involvement.  "[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."  See Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir.

---

assumes the facts above based on the allegations made in plaintiff's complaint.

2010).  Plaintiff's allegations do not suggest that Carr, in his capacity as DOC Secretary, had any authority over -- much less exercised any authority over -- the manner in which the Dane County Jail implemented social distancing measures or otherwise attempted to mitigate the risk of coronavirus spread within the Dane County Jail in April of 2020. Rather, plaintiff's only allegation implicating Secretary Carr is plaintiff's believe that he should have ordered the release of all individuals being detained on probation holds. Assuming Carr would have the authority to make a blanket decision of that nature, plaintiff has not alleged that Carr was made aware about the risk of contracting COVID-19 at the Dane County Jail, or that plaintiff was on a probation hold and would be a proper candidate for home confinement.  In any event, plaintiff may not proceed against Carr under § 1983 solely because of his supervisory position within the Wisconsin Department of Corrections.  *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others).  Accordingly, Carr will be dismissed from this lawsuit with prejudice.

As for defendant Mahoney, while not specifically pled, the court will assume for purposes of screening that plaintiff was a pretrial detainee during his confinement at the Dane County Jail, and thus will evaluate his claims as brought under the due process clause of the Fourteenth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).  The Court of Appeals for the Seventh Circuit has concluded that medical care and conditions of confinement claims brought by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, under the standard set forth by the United States Supreme Court in *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015).  *See Hardeman v. Curren*, 933 F.3d

3

816, 821-22 (7th Cir. 2019); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Therefore, the failure to provide adequate conditions of confinement violates the Due Process Clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

While plaintiff's complaint contains very few allegations, there is no question that the risk of contracting COVID-19 constitutes a serious health risk. However, that does not end the inquiry; plaintiff must also allege that defendant Mahoney was aware of the risk posed by COVID-19 and knowingly took unreasonable actions in response to that risk. Plaintiff's allegations in this respect do not satisfy the minimal pleading requirements set forth within Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's allegation that Mahoney moved the inmates around on April 23, 2020, does not support an inference that Mahoney was responding unreasonably to the risk of COVID-19 within the jail. In other words, depending on the manner in which inmates were relocated, given the deference courts must afford prison officials and the

4

unprecedented challenges COVID-19 presents in the jail and prison setting, plaintiff's allegations do not give rise to a reasonable inference that Mahoney's response was unreasonable, even assuming inmates ultimately were exposed to the coronavirus as a result of inmate movement. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020) (finding detailed mitigation efforts that included cleaning, quarantining, social distancing and the use of PPE to be a reasonable response to the risk of coronavirus within a federal correctional institution); *Swain v. Junior*, 958 F.3d 1081, 1085–91 (11th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 802–03 (5th Cir. 2020); *Vieth v. Dobson*, No. 20-cv-1615-BHL, 2020 WL 7427050, at *2 (E.D. Wis. Dec. 18, 2020) (pretrial detainee who alleged that staff took measures in accordance with CDC guidelines failed to state a Fourteenth Amendment due process claim); *Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *3–5 (E.D. Wis. Jan. 5, 2021) (prisoner failed to state an Eighth Amendment deliberate indifference claim because allegations did not suggest defendants disregarded risk of contracting COVID-19).  However, since plaintiff does not detail exactly what steps were or were not taken related to the risk of coronavirus spread within the jail, any assessment of the efficacy of mitigation efforts at the jail would be based on speculation alone.

Given plaintiff has provided so few details about the manner in which Mahoney moved inmates, implemented social distancing practices and made PPE available, it is possible that he might be able to articulate a claim against Mahoney if he can provide more specific details about how he believes Mahoney's decisions related to moving inmates around the jail were an unreasonable response to the risk posed by COVID-19.  Therefore,

5

the court will dismiss his complaint without prejudice and give plaintiff a brief window of time to file an amended complaint. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to exactly what he said to defendants, when he said it and how they responded. If he submits a proposed amended complaint by the deadline set forth below, the court will screen is under §§ 1915(e)(2), 1915A.

## ORDER

IT IS ORDERED that:

1. Plaintiff Marvin Rayshaun Coates' complaint is DISMISSED without prejudice.

2. Defendant Kevin A. Carr is DISMISSED with prejudice.

3. Plaintiff has until **May 31, 2021**, to file an amended complaint that satisfies the requirement of Federal Rule of Civil Procedure 8. If plaintiff fails to file an amended complaint by that deadline, this lawsuit will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge