IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARVIN RAYSHAUN COATES,

    Plaintiff,

v.

SHERIFF DAVID MAHONEY and
KEVIN A. CARR (DOC),

    Defendants.

OPINION & ORDER

Case No. 20-cv-600-wmc

*Pro se* plaintiff Martin Coates brings this action under 42 U.S.C. § 1983 against defendants, former Dane County Jail Sheriff David Mahoney and Wisconsin Department of Corrections ("DOC") Secretary Kevin Carr. Coates claims that defendants failed to prevent him from contracting COVID-19 while he was being held at the Dane County Jail, in violation of his constitutional rights. Previously in this lawsuit, the court concluded that Coates' allegations did not satisfy the requirements of Federal Rule of Civil Procedure 8 because his allegations did not support a federal claim for relief, and gave Coates the chance to amend his complaint to avoid dismissal.

Coates timely filed his amended complaint, naming just Mahoney as a defendant (dkt. #20), and subsequently asking the court to refrain from screening his amended complaint while he attempted to recruit counsel (dkt. #29). After Coates' efforts to recruit counsel on his own were unsuccessful, he filed a motion for assistance in recruiting counsel (dkt. #33). Unfortunately, Coates' allegations in his amended complaint fail to state a claim upon which relief can be granted against defendant Mahoney, and the court sees no basis to infer that he needed the assistance of counsel to prepare his amended complaint.

Accordingly, the court is denying his motion for assistance in recruiting counsel and dismissing this lawsuit for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF FACT[1]

Plaintiff Marvin Coates currently is detained at the Sauk County Jail, but the events comprising his claims occurred while he was being held at the Dane County Jail in 2020. On May 31, 2020, Coates contracted COVID-19. Coates alleges that he got sick because Mahoney did not respond to "the important need for basic cleaning supplies, social distancing, separation of inmates, or simply providing a mask to prevent the possible contraction of COVID-19 or at least help contain the virus." (Dkt. #20 at 1.) Coates further alleges that he became extremely sick after he contracted COVID-19, and suffered symptoms including lightheadedness, breathlessness, chills, extreme headaches, loss of taste and smell, and fever and body aches. Coates claims that he was denied medical attention for three weeks, even though his body "shut down" while he was sick.

OPINION

Plaintiff seeks to proceed against Mahoney on constitutional claims because he got sick with COVID-19 at the jail and then did not receive adequate treatment. As an initial matter, the court has concerns about the truthfulness of plaintiff's allegations in his complaint. In another lawsuit plaintiff filed in the Eastern District of Wisconsin, plaintiff alleged that on July 31, 2020, when he was transferred out of the Dane County Jail, he

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's amended complaint.

tested negative for COVID-19, and then subsequently contracted COVID-19 at a correctional institution in August of 2020. *See Coates v. Arndt*, No. 20 C 1344, 2020 WL 6801884, at *1 (E.D. Wis. Nov. 18, 2020). These allegations, although not *directly* contradictory to his allegations in his amended complaint in this lawsuit, strain credulity. Indeed, for his allegations across both lawsuits to be true, plaintiff would have had to have contracted COVID-19 twice within three months. The unlikelihood of these series of events gives the court sufficient pause to consider whether to examine the truthfulness of his assertions, since lying in either complaint is clearly sanctionable conduct under Federal Rule of Civil Procedure 11(b), and this court's inherent authority. *See Ayoubi v. Dart*, 640 F. App'x 524, 528-29 (7th Cir. 2016) ("[A] dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.") (citation omitted). The court declines to get to the bottom of this inconsistency, however, since plaintiff's Eastern District of Wisconsin case was dismissed, *see Coates*, 2020 WL 6801884, at *2, and plaintiff's allegations here likewise do not support a constitutional claim against Mahoney.

The court will assume for purposes of screening that plaintiff was a pretrial detainee during his confinement at the Dane County Jail, and thus will evaluate his claims as brought under the due process clause of the Fourteenth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). The Court of Appeals for the Seventh Circuit has concluded that medical care and conditions of confinement claims brought by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, under the standard set forth by the United States Supreme Court in *Kingsley v. Hendrickson,* 576 U.S. 389 (2015). *See Hardeman v. Curren*, 933 F.3d 816, 821-22 (7th Cir. 2019); *Miranda v.*

3

*Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).  Therefore, the failure to provide adequate conditions of confinement violates the due process clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable.  *Miranda*, 900 F.3d at 353.  While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable.  *Id.* at 353.

The court accepts that the risk of contracting COVID-19 constitutes a serious health risk.  However, that does not end the inquiry; plaintiff must also allege that defendant Mahoney was aware of the risk posed by COVID-19 and knowingly took unreasonable actions in response to that risk.  Although plaintiff alleges that Mahoney was notified about the need for cleaning supplies, social distancing, and masks, and that Mahoney "disregarded" those needs, he does not allege or suggest that Mahoney made *no* effort to mitigate the risk of coronavirus spread within the jail or provide details about any mitigation efforts that were actually taken.  As the court previously explained, "given the deference courts must afford prison officials and the unprecedented challenges COVID-19 presents in the jail and prison setting," information about the *actual* decisions Mahoney made to mitigate the risk of coronavirus spread within the jail prior to plaintiff's exposure to the virus is necessary to evaluate whether plaintiff's allegations support a constitutional claim.  (5/17/2021 Order (dkt. #19) 5 (citing *Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020) (finding detailed mitigation efforts that included cleaning, quarantining, social distancing and the use of PPE to be a reasonable response to the risk of coronavirus within a federal correctional institution); *Swain v. Junior*, 958 F.3d 1081, 1085–91 (11th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 802–03 (5th Cir. 2020); *Vieth v. Dobson*, No. 20-

4

cv-1615-BHL, 2020 WL 7427050, at *2 (E.D. Wis. Dec. 18, 2020) (pretrial detainee who alleged that staff took measures in accordance with CDC guidelines failed to state a Fourteenth Amendment due process claim); *Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *3–5 (E.D. Wis. Jan. 5, 2021) (prisoner failed to state an Eighth Amendment deliberate indifference claim because allegations did not suggest defendants disregarded risk of contracting COVID-19)).) In short, plaintiff's conclusory assertion that Mahoney "disregarded" the need for mitigation efforts is insufficient to support a claim that Mahoney's decision-making related to COVID-19 rose to a constitutional violation. *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Likewise, plaintiff's allegation that he was sick and left untreated for several weeks does not implicate Mahoney; plaintiff has not alleged that he reported his severe symptoms to jail staff and they ignored his complaints, or, more importantly, that Mahoney knew that jail staff were ignoring his requests for medical attention and failed to take corrective action. Plaintiff's circumstances are extremely unfortunate and the court by no means underestimates his concerns about the health risks associated with contracting COVID-19, but the fact remains that plaintiff has failed to allege facts suggesting that former Sheriff Mahoney failed to respond to the risk of COVID-19 or treated plaintiff's illness in an objectively unreasonable manner.

Finally, even though plaintiff asks that the court to recruit counsel for him, the court declines to do so. Plaintiff's task in amending his complaint was straightforward: provide details about exactly what steps Mahoney took or failed to take that plaintiff believed violated his constitutional rights. This simply required him to provide details about what

5

Mahoney did or did not do at the jail that he believes led him to contract COVID-19. It did not require legal expertise, and plaintiff's filings suggest that he recalls the details of his detention at the Dane County Jail and is capable of relaying those details in an understandable manner to the court. The court therefore sees no reason to permit plaintiff another opportunity to amend his complaint and declines to recruit him counsel for that purpose. Accordingly, the court is dismissing this lawsuit for failure to state a claim upon which relief can be granted and denies his motion for assistance in recruiting counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Marvin Rayshaun Coates' amended complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff's motion for assistance in recruiting counsel (dkt. #33) is DENIED.

3. The clerk of court is directed to close this case and record this dismissal as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 18th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge